UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IN RE:                                        :      MEMORANDUM DECISION
                                              :      AND ORDER
TERRORIST ATTACKS ON                          :
SEPTEMBER 11, 2001                            :      03 MDL 1570 (GBD) (SN)
                                              :
------------------------------------x

This document relates to:

> *Federal Insurance Co., et al. v. Al Qaida, et al.*, No. 03-cv-06978
> *Thomas E. Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-09849
> *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 04-cv-01923
> *Continental Casualty Co., et al. v. Al Qaeda, et al.*, No. 04-cv-05970
> *Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, No. 04-cv-07065
> *Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 04-cv-07279

GEORGE B. DANIELS, United States District Judge:

Defendant Dubai Islamic Bank ("DIB") moved to strike a "supplementary" expert report, ("Winer III," ECF No. 8345-1), written by the Plaintiffs' Executive Committees' (the "PECs") expert Jonathan Winer. (*See* Mot. to Exclude, ECF No. 8343.) On March 6, 2023, Magistrate Judge Sarah Netburn granted DIB's motion. (*See* Mar. 6, 2023 Opinion and Order (the "Order"), ECF No. 8905.)[1] Plaintiffs filed timely objections to Magistrate Judge Netburn's Order pursuant to Rule 72 of the Federal Rules of Civil Procedure, asking this Court to set aside the Order. (Objs. (the "Objections"), ECF No. 8939.) Plaintiffs' Objections to the Order are OVERRULED. The Order to strike Winer III from the record is CONFIRMED.

## I.     BACKGROUND[2]

Plaintiffs sought to hold a number of Defendants, including DIB, liable for losses incurred

---

[1] Unless otherwise indicated, all docket numbers refer to the main docket sheet for this multidistrict litigation. *See In re Terrorist Attacks on Sept. 11, 2001,* No. 03-md-1570.

[2] The factual and procedural background of this case has been discussed at length in Magistrate Judge Netburn's Order. This Court summarizes and appropriately incorporates such background by reference.

1

in the terrorist attacks of September 11, 2001 (the "9/11 Attacks"). "The parties engaged in extensive expert discovery through August 6, 2021." (Order at 1.) During that period, Plaintiffs identified Jonathan Winer as an expert witness. Winer timely submitted reports and was deposed in July 2021. (*Id*. at 2 (citing "Winer I," ECF No. 7344-1; "Winer II," ECF No. 7344-2).)

In March 2022, the Central Intelligence Agency ("CIA") declassified a slew of documents, some of which referred to DIB and its board members. (*Id*. at 3.) On June 17, 2022, DIB filed a renewed motion for summary judgment.[3] (ECF No. 8126.) That same day, the PECs served DIB with Winer III, which discussed the contents of the declassified files. (Order at 3.) Winer III cites the newly released CIA documents and explores alleged ties between DIB and al Qaeda. (Winer III at 2.)

On August 15, 2022, DIB moved to strike Winer III as procedurally improper and untimely. (Mot. to Exclude at 1.) Magistrate Judge Sarah Netburn granted DIB's motion to strike. (*See* Order at 1.) In granting DIB's motion, Magistrate Judge Netburn held that Winer III was not a proper supplement. (*Id.* at 6.) Plaintiffs then filed the instant objections.

## II. LEGAL STANDARDS

### A. Revising a Magistrate Judge's Orders Under Rule 72

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A)."). "A district court is justified in finding

---

[3] The Court stayed briefing on DIB's original summary judgment motion during the parties' discussions. (Order at 3.) This Court later granted DIB's renewed summary judgment motion for lack of personal jurisdiction. (Mar. 9, 2023 Mem. Decision and Order, ECF No. 8911.)

2

a magistrate judge's ruling clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (cleaned up). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (cleaned up). This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F. Supp. 2d 254, 276 (N.D.N.Y. 2006) (particular deference due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

### B. Disclosing Expert Testimony Pursuant to Rule 26

Rule 26(a) requires parties to disclose expert testimony "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Rule 26(e) requires the proffering party to supplement an expert's "report" or "deposition" if it learns that it is "in some material respect . . . incomplete or incorrect." Fed. R. Civ. P. 26(e). Further, "[i]f a party fails to provide information . . . as required" under Rule 26(e), it may be subject to sanctions. *See* Fed. R. Civ. P. 37(c)(1).

### III. MAGISTRATE JUDGE NETBURN PROPERLY EXCLUDED WINER III

Upon review of Magistrate Judge Netburn's Order and the entire record, this Court is left without a "definite [or] firm conviction that a mistake has been committed" in granting DIB's motion to strike. *See Schneider*, 551 F. Supp. 2d at 177 (citation omitted).

#### A. Magistrate Judge Netburn Properly Determined that Winer III Is Not a Proper Rule 26(e) Supplement

Magistrate Judge Netburn correctly found that Winer III is "decidedly outside the scope of Winer I and II." (Order at 6.) Pursuant to Rule 26(e), courts only admit supplemental reports that

3

are "within the scope of the initial expert report" and rely on information "previously unknown or unavailable" to the expert. *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 278–80 (S.D.N.Y. 2011) (citation omitted)). Plaintiffs argue that Winer III is a supplemental disclosure and was therefore improperly struck. (Objs. at 5, 9.) However, Winer III is dedicated to "the alleged relationship between al Qaeda and DIB—a subject never discussed in Winer's original reports or at his deposition." (Order at 6.) Plaintiffs do not explain this omission. (*See generally* Objs.) Winer III is therefore outside the scope of Winer I and II.

Magistrate Judge Netburn also correctly found that Winer III does not rely on "previously unknown or unavailable" information. (Order at 6–7.) Although Winer III relies heavily on newly released documents, it does not supplement "incomplete or incorrect" information in Winer I or II, as neither report mentioned DIB. (*See id.* at 7 (quoting Fed. R. Civ. P. 26(e))); *see also Sherman v. Bear Strearns Co.*, 263 F. Supp. 3d 446, 452 (S.D.N.Y. 2017) (an expert report that does not rely on previously unknown or unavailable information "is not an appropriate supplemental report under Rule 26"). Winer III thus "'does not supplement or correct [Winer's] previous theories' . . . 'but instead constitutes a new opinion.'" (Order at 6 (quoting *Coene v. 3M Co.*, 303 F.R.D. 32, 43 (W.D.N.Y. 2014)).

### B. Magistrate Judge Netburn Correctly Determined that Rule 37(c)(1) Justifies Exclusion

Under Rule 37(c)(1), exclusion is the default sanction for any violation that is not "substantially justified" or "harmless." (Order at 7 (quoting Fed. R. Civ. P. 37(c)(1)).) In determining whether a violation warrants such a sanction, a court must assess the violation through the lens of the four "*Outley* factors": "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4)

the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (citing *Outley v. City of New York*, 837 F.2d 587, 590–91 (2d Cir. 1988)).

### 1. Winer III's Untimely Filing Was Neither Substantially Justified Nor Harmless

A party's violation is "substantially justified" if a "reasonable person" would believe that parties could "differ as to whether the party was required to comply with the disclosure request." *Kunstler v. City of New York*, 242 F.R.D. 261, 264–65 (S.D.N.Y. 2007) (citation omitted). Plaintiffs filed Winer III after the close of discovery and did not seek leave to file an additional report.  (*See* Order at 3, 9); *see also* discussion *supra* Section III.A (Winer III is not a "supplemental" filing permitted under Rule 26).  Therefore, the violation was not substantially justified.  Further, Winer III was not "harmless," as Plaintiffs produced the report after discovery was completed. *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 160 (S.D.N.Y. 2012) (supplemental disclosure not harmless because defendants would have sought additional documents and asked additional questions during depositions had disclosure been made earlier).  Magistrate Judge Netburn thus correctly found that Winer III was neither substantially justified nor harmless.

### 2. Exclusion Is the Appropriate Sanction for Plaintiffs' Rule 26(e) Violation

Plaintiffs' "unexcused violation" requires this Court to select an appropriate sanction, following *Outley*. (Order at 10.)  First, Plaintiffs fail to show substantial legal or equitable justification for their violation of the discovery schedule and their failure to seek leave to file Winer III. *See* discussion *supra* Section III.A.  Second, Winer III was not important evidence because it "does almost nothing to help a jury understand the facts" and "consists largely of quot[ations] (in plain English)" with "little or no analysis." (Order at 11.)  Third, DIB clearly faced prejudice "as a result of having to prepare to meet the new testimony." (*Id.* at 12 (citing *Softel, Inc.*, 118 F.3d at 961).)  Finally, Winer III did not "provide evidence critical enough" to justify further delay of

5

summary judgment on personal jurisdiction. (*Id.*) Therefore, Magistrate Judge Netburn properly struck Winer III. (*Id.* at 13.)

## IV.   CONCLUSION

Because Plaintiffs have not demonstrated that Magistrate Judge Netburn's March 6, 2023 Order was "clearly erroneous" or "contrary to law," Plaintiffs' Rule 72 Objections to the Order granting Defendant DIB's motion to strike, (ECF No. 8939), are OVERRULED. The Order to strike Winer III is CONFIRMED.

Dated: July 31, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge